

**UNITED STATE DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| MARK M. BOLDING | CIVIL NO. 5:13-1165 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| ELDORADO RESORT CASINO, ET AL | MAGISTRATE JUDGE HAYES |

### MEMORANDUM RULING

The Defendants have moved this Court to dismiss Plaintiff Mark Bolding's complaint under Federal Rule of Civil Procedure 37. [Record Document 42, p. 1]. Plaintiff has filed no opposition. For the following reasons, the Court **GRANTS** the Defendants' Motion To Dismiss Plaintiff's Complaint. [Record Document 42].

### I.  Background

A review of the record reveals Mr. Bolding has: (1) ignored Magistrate Judge Hayes's Memorandum Order compelling Mr. Bolding to respond to Defendants' Interrogatories and Requests for Production of Documents within fifteen days; (2) failed to attend his own duly noticed deposition without explanation; (3) violated the Scheduling Order by not delivering a witness list and expert reports to the defense counsel by the December 9, 2013 deadline; and (4) ceased communicating with the defense counsel after September 16, 2013. [Record Documents 21, p. 3; 39-2, p. 1; 41, p. 1-2; 42-3, p. 1; 42-4, p. 2, 10; 42-5, p. 3; 42-6, p. 3; 42-7, p. 2; and 42-8, p. 4, 7, 9-10]. In her order to compel a response to discovery, Magistrate Judge Hayes cautioned

Mr. Bolding that "failure to comply with this order [granting Defendants' Motion To Compel] in a timely fashion, without good cause, will lead to the imposition of sanctions, up to and including possible dismissal of his case." The Defendants have filed this Motion To Dismiss to which Mr. Bolding has not responded. [Record Document 41, p. 2].

## II. Law and Analysis

The Federal Rules of Civil Procedure authorize the Court to dismiss an action or proceeding in whole or in part if a party fails to obey a discovery order. Fed. R. Civ. P. 37(b)(2)(A)(v). "[M]ost courts affirming dismissals have found at least one of three aggravating factors: (1) delay caused by plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." Price v. McGlathery, 792 F.2d 472, 474 (5th Cir. 1986). Additionally, the misconduct must substantially prejudice the other party's preparation for trial. PHI, Inc. v. Office & Prof'l Employees Int'l Union, 2009 WL 1658040, at *3 (W.D. La. June 11, 2009).

The following aggravating factors justify dismissal. First, Mr. Bolding is representing himself and therefore has no one to blame for the lack of compliance with the Court's orders and duly noticed discovery. Second, there can be no doubt that Mr. Bolding's inaction has prejudiced the Defendants. Mr. Bolding disregarded Magistrate Judge Hayes's order to answer discovery, which order expressly warned Mr. Bolding that the Court could dismiss his complaint if he failed to comply. See PHI, Inc., 2009 WL 1658040, at *4-5 (holding the plaintiffs' refusal to respond to the defendants' counsel

was an aggravating factor; reasoning passage of the discovery deadline substantially prejudiced the defendants' trial preparation; a prior warning that non-compliance with an order would result in a recommendation to dismiss the claim indicated the claimants' disobedience was intentional rather than accidental). His failure to respond to the Court's order to respond to discovery, his failure to appear for his deposition, and his failure to disclose witnesses has prejudiced the Defendants in their ability to meet the Court's now passed discovery deadline and to prepare for the upcoming trial in this matter. Third, the Court cannot know the subjective reasons for Mr. Bolding's failures. But the Court can note that the repeated failure to take any action to move this case to trial - including the failure to comply with the Magistrate Judge's order - suggests an intention to delay or even abandon these proceedings. The Court notes that the address in the record to which notice of these pleadings and the discovery in question has been sent is the address provided by the Plaintiff. No pleading has been returned as undeliverable according to the docket.

    A key question is "whether the district court could have fashioned an equally effective but less drastic remedy." <u>Griffin v. Aluminum Co. of Am.</u>, 564 F.2d 1171, 1172 (5th Cir. 1977). Trial in this matter is set for June 16, 2014 and a pretrial conference is set for May 15, 2014. The discovery deadline has passed. [Record Document 21, p. 1]. Mr. Bolding's refusal to communicate with the Defendants' counsel, comply with a court order, comply with formal discovery requests, or to even respond to this Motion To Dismiss demonstrates that any action short of dismissal is futile. In such an instance,

3

dismissal is "both necessary and warranted to control this court's docket and maintain the orderly administration of justice." PHI, Inc., 2009 WL 1658040, at *3; Emerick v. Fenick Indus., Inc., 539 F.2d 1379, 1381 (5th Cir. 1976) (holding the plaintiff's 'flagrant disregard' of the court's orders justified dismissing the complaint).

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Defendants' Motion To Dismiss Plaintiff's Complaint [Record Document 42] be and hereby is **GRANTED**.

**THUS DONE AND SIGNED** this 4th day of February, 2014.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE